UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ, ET AL.,<br><br>    Plaintiffs,<br><br>  v.<br><br>EARTHSONG, et al.,<br><br>    Defendants. | Case No. 4:13-cv-04039-KAW<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO LIFT STAY AS TO THE LANDLORD DEFENDANTS**<br><br>Re: Dkt. No. 27 |

On July 14, 2016, Plaintiffs Irma Ramirez and Daren Heatherly filed a motion to lift the automatic bankruptcy stay as it pertains to Landlord Defendants William Kennedy and Alycia Kennedy, in their capacity as trustees for the Kennedy Family 2004 Revocable Trust.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES AS MOOT Plaintiffs' motion to lift the stay as to the landlord defendants.

## I. BACKGROUND

On August 29, 2014, Plaintiffs Irma Ramirez and Daren Heatherly, who allege that they are persons with physical disabilities, filed this action against Defendants for failure to remove architectural barriers at Earthsong in San Francisco, California, thereby denying them and others with physical disabilities access to, and full and equal enjoyment of, the store on April 11, 2013 and May 9, 2013.

Plaintiffs assert claims for injunctive relief and statutory damages under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, et seq., the Unruh Civil Rights Act, California Civil Code §§ 51, 51.5, California Health and Safety Code §§ 19955, et seq., and the California Disabled Persons Act, California Civil Code §§ 54, 54.1 and 54.3. The Defendants are Bruce Baker (d/b/a Earthsong; "Becker"), who rents the property and owns and operates

1  Earthsong, and William Kennedy and Alycia Kennedy, Trustees of the Kennedy Family 2004
2  Revocable Trust, owners of the property and Becker's landlords ("Defendants" or "Landlord
3  Defendants").

4  On April 9, 2014, Becker filed a notice of Chapter 13 bankruptcy, which stayed the
5  proceedings as to Becker. (Dkt. No. 16.)  On December 29, 2015, Plaintiffs filed a unilateral status
6  report stating that the parties have not reached an agreement, and requested to have this matter
7  referred to mediation, but did not provide any information regarding the status of Becker's
8  bankruptcy petition, nor did they specify whether mediation could proceed without his
9  participation.

10  On February 19, 2016, Defendants filed a status report, in which they reported that
11  Becker's bankruptcy proceedings were ongoing and were expected to conclude in April 2019.  On
12  February 22, 2016, Plaintiffs filed a status report, in which they stated a willingness to dismiss
13  Becker and Earthsong, and prosecute the case against the Landlord Defendants. (Dkt. No. 23 at 2.)
14  On July 14, 2016, Plaintiffs filed a motion to lift the stay as to the Landlord Defendants.
15  (Pls.' Mot., Dkt. No. 27-1.)  On September 3, 2016, Landlord Defendants filed an opposition.
16  (Defs.' Opp'n, Dkt. No. 32.)  On September 16, 2016, Plaintiffs filed a reply. (Pls.' Reply, Dkt.
17  No. 33.)

## II.   DISCUSSION

19  Plaintiffs seek to lift the bankruptcy stay as applied to the non-bankrupt Landlord
20  Defendants on the grounds that the automatic stay does not apply to them and that the case can be
21  litigated against the Landlord Defendants because Becker is not an indispensable party. (Pls.' Mot.
22  at 2, 4.)

23  As an initial matter, the Kennedys never sought to have Becker's automatic bankruptcy
24  stay extended to stay the entire action, so the entire action was not stayed. (*See* Pls.' Mot. at 2.)
25  For the first time in their opposition, Defendants request that the court exercise its inherent
26  authority to extend the stay to the entire action. (Defs.' Opp'n at 9.)

27  Generally, "unless the assets of the bankrupt estate are at stake, the automatic stay does not
28  extend to actions against parties other than the debtor, such as codebtors and sureties." *United*

*States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir.1993). Notwithstanding, the Ninth Circuit recognizes that other courts have found an exception when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.* at 1491 n. 3 (citations omitted). Other courts have recognized "an exception where the debtor is an indispensable party to the litigation." *In re James Wilson Assocs.*, 965 F.2d 160, 170 (7th Cir. 1992).

Defendants contend that Becker is an indispensable party because the relief sought "is tied directly to Earthsong's ongoing business operations and the tenant's exclusive control over these operations and of the premises in question." (Defs.' Opp'n at 2.) "Specifically, as the owner of Earthsong, Mr. Becker (and not the landlord) controls the conditions of the premises, its business policies, practices, procedures, and daily operations." *Id.* Defendants further claim that Becker also "controls how accessible measures are made, implemented, and carried out at Earthsong on a daily basis and during interactions with customers." *Id.* As a result, Defendants argue that they have no control and lack the legal authority to provide any of the relief sought in the complaint. *Id.* at 2-3.

To the contrary, Becker's potential liability is independent from the Kennedys', because a landlord has a separate and independent obligation to comply with the ADA from its tenant, such that "a lease allocating liability between a landlord and a tenant does not affect either parties' liability with respect to third parties." *Botosan v. Paul McNally Realty*, 216 F.3d 827, 834 (9th Cir. 2000); *see also Yates v. Delano Retail Partners, LLC*, No. 2012 WL 1094444, at *1–2 (N.D. Cal. Mar. 29, 2012). In so holding, the *Botosan* court relied heavily on the Department of Justice's formal interpretation of the ADA regulations in its Technical Assistance Manual:

> Both the landlord and the tenant are public accommodations and have full responsibility for complying with all ADA title III requirements applicable to that place of public accommodation. The title III regulation permits the landlord and the tenant to allocate responsibility, in the lease, for complying with particular provisions of the regulation. However, any allocation made in a lease or other contract is only effective as between the parties, and both landlord and tenant remain fully liable for compliance with all provisions of the ADA relating to that place of public accommodation.

3

> ILLUSTRATION: ABC Company leases space in a shopping center it owns to XYZ Boutique. In their lease, the parties have allocated to XYZ Boutique the responsibility for complying with the barrier removal requirements of title III within that store. In this situation, if XYZ Boutique fails to remove barriers, both ABC Company (the landlord) and XYZ Boutique (the tenant), would be liable for violating the ADA and could be sued by an XYZ customer. Of course, in the lease, ABC could require XYZ to indemnify it against all losses caused by XYZ's failure to comply with its obligations under the lease, but again, such matters would be between the parties and would not affect their liability under the ADA.

*Id.* at 833–34 (quoting Department of Justice, *Technical Assistance Manual on the American with Disabilities Act* § III–1.2000 (1994)). Likewise, courts in this district have found that the ADA holds landlords and tenants individually liable for any violations found on the leased property, and while the terms of the lease may allocate costs associated with the ADA, it cannot relieve a landlord of its underlying obligations to comply. *See Yates v. Delano Retail Partners, LLC*, No. C 10-3073 CW, 2012 WL 1094444, at *2 (N.D. Cal. Mar. 29, 2012)(quoting *Hoewischer v. Terry*, 2011 U.S. Dist. LEXIS 130330, at *7 (M.D. Fla.)).

Accordingly, while the Kennedys may argue that they have no legal authority to make any alterations to the property, their liability for ADA violations is distinct from Becker's, and is not derivative or inextricably intertwined. Indeed, the complaint identified three architectural barriers: a three inch tile landing, the lack of International Symbol of Accessibility signage, and the lack of a level landing at the entrance. (Compl. ¶¶ 18, 27.) As a practical matter, all three identified barriers are structural in nature and are undoubtedly under the control of the Landlord Defendants. Moreover, Defendants' claim that they cannot require Becker's employees to deploy a temporary ramp to ensure access to wheelchair users is without merit, as it is based on mere speculation. While Bill Kennedy's prior correspondence indicates a position that the installation of a permanent ramp is not readily achievable, the issue of barrier removal has not been litigated. (*See* Compl. ¶ 24.) In fact, there may be another way to remove the barrier. (*See* Defs.' Opp'n at 6.)

Thus, Defendants' claim that Becker is an indispensable party is unavailing.

///

///

///

### III.   CONCLUSION

In light of the foregoing, Plaintiffs' motion to lift the stay as to the Landlord Defendants is DENIED AS MOOT, and the Landlord Defendants' request to extend the stay to the entire action is DENIED.  Plaintiffs are ordered to file a Notice of Need for Mediation that is expressly limited to the Landlord Defendants within 14 days of this order.

IT IS SO ORDERED.

Dated: September 30, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge